# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCARIO PEREZ-SOLIS,
Appellant,

vs.

BRIAN WILLIAMS, WARDEN,
Respondent.

No. 72684

**FILED**

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER VACATING AND REMANDING*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Marcario Perez-Solis argued that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Perez-Solis' claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017). There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Perez-Solis is serving an aggregated sentence pursuant to such a statute for robbery with the use of a deadly weapon committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.165 (1995) (providing sentence for weapon enhancement based on

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

sentence imposed for primary offense); NRS 200.380(2) (setting forth sentencing range for robbery). Consistent with *Williams*, the credits that Perez-Solis has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. *See generally* NRS 213.1212 (addressing parole eligibility where sentences have been aggregated). The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Linda Marie Bell, District Judge
        Marcario Perez-Solis
        Attorney General/Carson City
        Attorney General/Las Vegas
        Eighth District Court Clerk

---

[2]The district court's order indicates that without the credits being applied to his parole eligibility, Perez-Solis "is anticipated to be parole eligible on his aggregated sentence near the end of [2017]." If Perez-Solis has appeared before the parole board on the aggregated sentence, the district court cannot grant him any further relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. The district court may consider any evidence in that respect on remand.